# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MIKHAIL LEONIDOVICH VASERMAN,**

   **Plaintiff,**

  **v.**                                                               **Case No. 19-CV-267**

**ANDREW SAUL,**
**Commissioner of Social Security,**

   **Defendant.**

---

## DECISION AND ORDER

---

Mikahil Leonidovich Vaserman seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income ("SSI") aged benefits under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision is affirmed.

## BACKGROUND

Vaserman filed an application for SSI aged benefits on April 13, 2017. (Tr. 10.) Vaserman was seventy-one years old at the time of filing. (Tr. 111.) The claim was denied initially and on reconsideration. (Tr. 10.) Vaserman filed a request for a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 30, 2018. (Tr. 180.) Vaserman appeared at the hearing *pro se*, waiving his right to representation by either an attorney or a non-attorney representative. (Tr. 185–87.)

In a written decision issued April 9, 2018, the ALJ found that Vaserman was ineligible for SSI under sections 1602 and 1611 of the Social Security Act because his resources exceeded the amount set by the regulations as the maximum allowed for eligibility. (Tr. 10–

12.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied the plaintiff's request for review. (Tr. 3–6.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2. *Application to this Case*

In 1972, Congress created the SSI program to guarantee a minimum subsistence income level for aged, blind, and disabled persons. *Inman v. Shalala*, 30 F.3d 840, 841 (7th Cir. 1994). To obtain SSI based on age, one must have attained the age of sixty-five. 42 U.S.C.

§ 1381. However, "[a]s the name (Supplemental Security Income) implies, SSI benefits are meant to supplement other sources of income. Congress designates a minimum subsistence income level, and a qualifying person whose income falls below that level can receive checks from the federal government to make up the difference." *Inman*, 30 F.3d at 841. Thus, one's income "is the essential variable in determining whether he is entitled to SSI benefits, and if so, how much." *Id.*

A married individual not residing with his or her spouse is not eligible for SSI if the individual's resources exceed $2,000.00. 20 C.F.R. § 416.1202(a); 20 C.F.R. § 1205. An individual living with an ineligible spouse can have non-excludable resources, including those of the spouse, of up to $3,000.00 in value. 20 C.F.R. § 1205. Resources are cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance. 20 C.F.R. § 416.1201. If the claimant has the right, authority, or power to liquidate the property or his or her share of the property, it is considered a resource. 20 C.F.R. § 416.1201(a)(1). Resources are considered "liquid" if they are cash or other property which can be converted to cash within twenty days. 20 C.F.R. § 416.1201(b). The regulation specifically lists as an example of liquid resources financial institution accounts, including checking and savings accounts. *Id.*

If, however, an individual disposes of his resources by giving them away or selling them for less than their fair market value in the thirty-six months prior to the date of his application of benefits, he is ineligible to receive SSI for up to thirty-six months. 42 U.S.C. § 1382b(c); 20 C.F.R. § 416.1246. If it is determined that the resources were given away for less than fair market value, then there is a presumption that it was for the purpose of establishing

3

SSI eligibility, and the burden is on the individual to produce convincing evidence that the resource was transferred exclusively for some other reason. 20 C.F.R. § 416.1246(e).

As an initial matter, Vaserman takes issue with two dates established by the ALJ in his decision. First, Vaserman argues the ALJ erred regarding his application date. Vaserman states that he applied for benefits on March 23, 2017, not April 13, 2017. (Pl.'s Br. at 9, Docket # 15.) Vaserman points to Exhibit E, attached to his brief, as support. (Docket # 15-1 at 17.) But this document is a letter dated March 23, 2017 confirming his April 13, 2017 appointment at the Social Security office to complete his SSI application. (Id. at 17–18.) Thus, it appears his application date of April 13, 2017 is correct. Second, Vaserman correctly faults the ALJ for stating that Vaserman's wife moved out of their apartment on April 13, 2017. (Pl.'s Br. at 9; Tr. 11.) The record contains a letter from Vaserman's wife to the property manager of their apartment stating that she was moving out of the apartment on March 24, 2017 (Tr. 140) and Vaserman testified that his wife moved out of their apartment on March 11, 2017 (Tr. 58, 204). Whether one lives with an ineligible spouse does impact the non-excludable resource limit; however, in this case, whether the limit of $2,000.00 or $3,000.00 applies will not change the outcome. Thus, I need not resolve the discrepancy in the dates.

Vaserman further takes issue with several other alleged errors on the Administration's part, such as the handwritten date of April 9, 2018 on the ALJ's decision (Tr. 12), the Commissioner's failure to file the Appeals Council exhibit list with the transcript in this court, and the failure to receive two letters advising him of scheduled appointments prior to his reconsideration-stage denial. (Pl.'s Br. at 7–11.) Vaserman has not demonstrated, however, how any of these alleged errors change the outcome of his case.

4

Turing to the merits of Vaserman's appeal, Vaserman applied for SSI benefits on April 13, 2017. (Tr. 111, 200.) Vaserman testified that although he was married at the time of his application, his wife had moved out of their apartment on March 11, 2017. (Tr. 58, 204.) On approximately April 24, 2017, the agency verified the existence of a previously undisclosed savings account—in Vaserman's name and listed as an individual account—that had a balance of $15,000.06 as of March 2017 and had a balance of $0.01 as of April 2017. (Tr. 19–20.) Vaserman stated that he gave the money to his wife, in cash, on March 11, 2017. (Tr. 123.) He testified that the $15,000.00 belonged to his wife and when she left him, she asked him to withdraw the money from the account and return it to her. (Tr. 198.) Vaserman testified that his wife gave him the money, but he opened the account so that they could take advantage of the bank's promotional $500.00 bonus for opening a new account. (*Id.*) Vaserman stated that he withdrew the money from the account in cash and gave it to his wife; however, he did not receive a receipt or any verification from his wife of the transfer. (Tr. 212–13.)

The ALJ found that the law presumes the account owner owns the funds in the account and Vaserman had no evidence (beyond his own testimony) that he transferred the money to his wife. (Tr. 11.) Further, the ALJ found that Vaserman acknowledged that he had the funds in his possession and control, as he was able to withdraw the money from the account. (*Id.* at 11–12.) The ALJ further found that Vaserman transferred the resources for less than fair market value during the thirty-six months prior to his filing date. (Tr. 12.) For these reasons, the ALJ found Vaserman ineligible to receive SSI payments under the Social Security Act. (*Id.*)

The ALJ's decision is supported by substantial evidence. For an account individually held, the regulation provides as follows:

> If an individual is designated as sole owner by the account title and can withdraw funds and use them for his or her support and maintenance, all of the funds, regardless of their source, are that individual's resource. For as long as these conditions are met, we presume that the individual owns 100 percent of the funds in the account. This presumption is non-rebuttable.

20 C.F.R. § 416.1208(b). Thus, § 416.1208(b) creates an irrebuttable presumption that if an individual is the sole owner of an account and can withdraw the funds and use them for his support and maintenance, he owns all the funds in the account, regardless of the source of the funds. While it is true that statutes (or in this case, regulations), creating irrebuttable presumptions are disfavored under the Due Process Clause, *see Vlandis v. Kline*, 412 U.S. 441, 446 (1973), at least one court has upheld § 416.1208(b)'s irrebuttable presumption as constitutional. In *Hong Jun Xun v. Colvin*, No. C–13–2041, 2014 WL 1477532, at *8 (N.D. Cal. Apr. 15, 2014), the plaintiff challenged the irrebuttable presumption found in § 416.1208(b) based on the law's general disfavor of irrebuttable presumptions. The court found, however, that not all irrebuttable presumptions are unconstitutional and that the "salient question with respect to irrebuttable presumptions is whether there exists an adequate 'fit' between the classification created by the presumption and the policy that the classification serves." *Id.* (citing *Michael H. v. Gerald D.*, 491 U.S. 110, 121 (1989)). The court continued that there must be "some rational basis" for the presumption. *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 777 (1975)).

The *Xun* court held that § 416.1208(b) asks two questions—(1) whether your name is the sole name on the account and (2) whether you can withdraw funds and use them for your support and maintenance. *Id.* The court found that if the answer to both questions is "yes,"

6

then it is a "patently rational assumption" that you own one hundred percent of the funds in the account. *Id.* "Indeed, it would be unusual for a person *not* to own all the funds in her individually titled account." *Id.* (emphasis in original). The court further found that the presumption has the "obvious benefit" for administrability and also supports the administration's "mandate to make eligibility determinations without reference to self-serving or non-verifiable accounts from the person seeking benefits." *Id.*; *see also* 42 U.S.C. § 1383(e)(1)(B)(i) ("The requirements prescribed by the Commissioner of Social Security . . . shall require that eligibility for benefits under this subchapter will not be determined solely on the basis of declarations by the applicant concerning eligibility factors or other relevant facts, and that relevant information will be verified from independent or collateral sources and additional information obtained as necessary in order to assure that such benefits are only provided to eligible individuals (or eligible spouses) and that the amounts of such benefits are correct.").

Again, the evidence shows that Vaserman was the sole owner of the account and that he could withdraw the funds and dispose of them as he pleased (as shown by his testimony that he withdrew $15,000.00 in cash from the account). This demonstrates that he had control over the money in the account. Under the regulation, even if his wife originally gave him the money, the source of the funds is irrelevant. For these reasons, the ALJ correctly concluded that Vaserman was the owner of the $15,000.00 in the account. Furthermore, Vaserman testified that he gave the $15,000.00 away for less than fair market value, i.e., he received nothing of value in return, in the month preceding his SSI application. (Tr. 209.) Vaserman relies solely on his self-serving statement that he gave the money to his wife because it belonged to her. He has no receipt, or any other verification, of what happened to the funds.

7

Vaserman has failed to rebut the presumption that the transfer for less than fair market value was not done for the purpose of establishing SSI eligibility. 20 C.F.R. § 416.1246(e). For these reasons, the decision finding Vaserman ineligible for SSI benefits is supported by substantial evidence. The ALJ's decision is affirmed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of October, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge